**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **STEVE SIMONDS,** ***et al.*****,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **CASE NO.** |
| **v.** | : | **3:22-CV-118 (CAR)** |
| | : | |
| **ROBIN SHEARER,** ***et al.*****,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS**

Currently before the Court is Plaintiff Steve Simonds' Motion to Proceed *In Forma Pauperis* ("IFP") [Doc. 8] and Motion to Appoint Counsel [Doc. 7]. Plaintiff, proceeding *pro se*, seeks to initiate a lawsuit against Athens Clarke County Juvenile Court Judge Robin Shearer ("Judge Shearer"), Special Assistant Attorney General Angela Pope ("Pope"), and the Department of Family and Children Services ("DFCS") for alleged violations of the First Amendment, Fourth Amendment, and Federal Anti-Discrimination laws. For the reasons explained below, the Court **GRANTS** Plaintiff's Motion to proceed IFP [Doc. 8]. But, because each Defendant is entitled to judicial, prosecutorial, or Eleventh Amendment immunity, and Plaintiff's claims are barred by the statute of limitations, all claims must be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's Motion to Appoint Counsel [Doc. 7] is **DENIED**.

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent serious misrepresentation."[3] Although a litigant need not show she is "absolutely destitute" to qualify under § 1915(a), she must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[4]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that he cannot pay the court fees because of his poverty. Plaintiff states that he is retired and

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306, n. 1 (11th Cir. 2004).

[2] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[3] *Id.*

[4] *Id.* (citation omitted).

receives $22,000 dollars a year.[5] Plaintiff's assets include a $60,000 home, a 2007 Nissan Frontier, and $11,000 in bank accounts.[6] Plaintiff attests he cares for his ex-wife's adopted daughter and has monthly expenses in the amount of $3,000.[7] Thus, Plaintiff qualifies as a pauper under §1915, and his Motion [Doc. 8] is **GRANTED**.

**B. Preliminary Screening**

Because Plaintiff is proceeding IFP, the Court is required to screen his Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[8] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[9]

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service

---

[5] Plaintiff's Motion to Proceed *IFP*, [Doc. 8] at p. 3-6.

[6] *Id.*

[7] *Id.* at p. 6.

[8] 28 U.S.C. § 1915(e)(2)(b).

[9] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

of process."[10] As a result, "[d]ismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face'"[11] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[12] However, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[13]

Plaintiff alleges Judge Shearer, Pope, and the DFCS violated his First and Fourth Amendment rights, as well as Federal Anti-Discrimination laws. Plaintiff seeks $6,000,000 in damages, as well as custody of the Minor Child.[14] In support of these claims, he alleges:

> DFCS refused to allow Plaintiff to escort the Minor Child to file a police report concerning sexual misconduct, and physical, emotional, and mental abuse while in DFCS custody; Defendants entered lifetime no contact orders for the entire family; Defendants threatened Plaintiff that he would never see or speak to the Minor Child again; DFCS did not hold the Minor Child's foster mom accountable for the alleged actions; and the Minor Child's foster mom unreasonably searched and seized her keepsakes and threw them away.[15] Plaintiff also summarily claims Defendants violated Federal Bill S. 3103, the Family First Act, Federal Discrimination laws based on age, failed to provide the Minor Child a safe environment and protection, breached a verbal contract, $1,000 for a witness to give false testimony against Plaintiff, and committed "Federal Abuse of the Elderly."[16]

---

[10] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).
[11] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).
[12] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).
[13] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).
[14] Plaintiff's Amended Complaint, [Doc. 6] at p. 21.
[15] *Id*. at p. 3-6.
[16] *Id*.

As is its duty, the Court has liberally construed Plaintiff's complaint as an action alleging violations of his First and Fourth Amendment rights under 42 U.S.C. § 1983. Under Georgia law, the statute of limitations for claims brought under § 1983 is two years.[17] The conduct forming the basis of Plaintiff's complaint includes two "threats" made in March 2017 and January 2018, as well as the lifetime no contact order entered on June 14, 2018.[18] Plaintiff filed his original Complaint on December 19, 2022.[19] All allegations in Plaintiff's amended complaint fall outside Georgia's two-year statute of limitations and are thus time barred. But, even if Plaintiff's claims were timely, each Defendant is entitled to judicial, prosecutorial, or Eleventh Amendment immunity. Thus, all claims must be dismissed.

I. Claims Against Judge Shearer

Judge Shearer is entitled to absolute judicial immunity, and thus, Plaintiff's claims against Judge Shearer must be dismissed as frivolous 28 U.S.C. § 1915(e)(2). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'"[20]

---

[17] See *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996) (noting that in Georgia, the statute of limitations for a § 1983 claim is two years); see also O.C.G.A. § 9-3-33 (Georgia personal injury statute of limitations is two years).

[18] Plaintiff's Amended Complaint, [Doc. 6] at p. 12.

[19] Plaintiff's Original Complaint, [Doc. 1].

[20] *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."[21] "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity."[22]

Plaintiff's claims against Judge Shearer stem from conduct that occurred while she was acting within her judicial capacity. Plaintiff alleges Judge Shearer threatened that he would never see or speak to the Minor Child again and issued "lifetime no contact orders on all family members for no reason other than the highest abuse of power."[23] Because Judge Shearer was acting within her judicial capacity and is thus entitled to absolute judicial immunity, Plaintiff's claims against Judge Shearer are **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2).[24]

II. Claims Against Special Assistant Attorney General Angela Pope

Plaintiff's claims against Special Assistant Attorney General ("SAAG") Pope are barred by prosecutorial immunity. A prosecutor is entitled to "absolute immunity from

---

[21] *Id.*

[22] *Id.*

[23] Plaintiff's Amended Complaint, [Doc. 6] at p. 12.

[24] *See Anderson v. Fulton Cty. Gov't*, 485 F. App'x 394 (11th Cir. 2012) (affirming dismissal of a *pro se* plaintiff's claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2) on grounds of absolute judicial immunity).

allegations stemming from the prosecutor's function as advocate."[25] Thus, a prosecutor's absolute immunity encompasses "acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State."[26] These actions are afforded absolute immunity "even if undertaken with malicious intent."[27] "While prosecutorial immunity traditionally arises in the context of criminal proceedings, the United States Supreme Court has held that, in civil proceedings, executive branch officials 'performing certain functions analogous to those of a prosecutor' are similarly entitled to absolute immunity from damages claims under Section 1983."[28]

All of Plaintiff's allegations pertain to Pope's role as a SAAG advocating on behalf of DFCS in dependency and removal proceedings. Because this role is prosecutorial in nature, Pope is afforded absolute immunity in the performance of her duties.[29] Furthermore, Plaintiff does not allege that Pope acted outside the scope of her duties as a SAAG at any time. While Plaintiff contends that Pope threatened that Plaintiff would not be able to see or speak to the Minor Child again, this contention, without more, still

---

[25] *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (quoting *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999)).

[26] *Id*. (quoting *Jones*, 174 F.3d at 1281)

[27] *Davis*, 547 F. App'x at 933 (citing *Hart*, 587 F.3d at 1295).

[28] *Plunkett v. Rountree*, No. CV214-015, 2015 U.S. Dist. LEXIS 42541, at *41-42 (S.D. Ga. Mar. 31, 2015) (citing *Butz v. Economou*, 438 U.S. 478, 515, (1978)).

[29] *Plunkett*, at *41-43.

relates to Pope's actions while advocating as a SAAG on behalf of DFCS.[30] Thus, Pope is entitled to absolute prosecutorial immunity, and Plaintiff's claims against her must be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

III. Claims Against DFCS

Finally, Plaintiff's claims against DFCS are barred by the Eleventh Amendment. The Eleventh Amendment bars suit against a State brought by both citizens of another state and the State's own citizens.[31] Eleventh Amendment immunity bars suits in federal court against state agents and state instrumentalities. A state instrumentality is entitled to Eleventh Amendment immunity when its nature is such that it should be considered an "arm of the state" and recovery of money against that entity is, in essence, a recovery against the state.[32] DFCS is a state agency and entitled to Eleventh Amendment immunity.[33] Thus, Plaintiff's claims against DFCS must be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

---

[30] *See Davis*, 547 F. App'x at 933 (stating that absolute immunity even protects actions taken with malicious intent).

[31] *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001).

[32] *Stegeman v. Georgia*, No. 1:06-cv-2954-WSD, 2007 U.S. Dist. LEXIS 51126, at *21-22 (N.D. Ga. July 16, 2007) (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30 (1997)).

[33] *Id* at *22-23. ("*See McCall v. Dep't of Human Res.*, 176 F. Supp. 2d 1355, 1363 (M.D. Ga. 2001) (holding DHR is a state entity entitled to Eleventh Amendment immunity); see also *Powell v. Department of Human Resources*, 918 F. Supp. 1578-79 (S.D. Ga. 1996) (holding that Cobb County DFCS is a state agency for purposes of Eleventh Amendment immunity and recognizing that DFCS is a state agency that is set up in each county solely for administrative convenience.)").

**C. Motion to Appoint Counsel**

A civil plaintiff has no constitutional right to counsel, but the district court may appoint one for an indigent plaintiff.[34] However, a district court is only justified in appointing counsel in "exceptional cases, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner."[35] "Where the facts and issues are simple, he or she usually will not need such help."[36] The Court "has broad discretion in determining whether such circumstances exist."[37] After reviewing the record in this case, the Court finds there are no "exceptional circumstances" warranting the appointment of counsel. This case is not so complex legally or factually as to prevent Plaintiff from presenting the essential merits of his position to the Court. Accordingly, the Court will not appoint counsel for Plaintiff, and the Motion is **DENIED**.

**CONCLUSION**

Plaintiff's Motion to Proceed IFP [Doc. 8] is **GRANTED.** But, because each Defendant is entitled to judicial, prosecutorial, or Eleventh Amendment immunity and Plaintiff's claims are barred by the statute of limitations, all claims must be **DISMISSED**

---

[34] *See* 28 U.S.C. § 1915(e)(1); *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).
[35] *Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014) (per curiam) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).
[36] *Kilgo*, 983 F.2d at 193.
[37] *Id.* (citing *Smith v. Fla. Dep't of Corrs.*, 713 F.3d 1059, 1063 (11th Cir. 2013)).

pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's Motion to Appoint Counsel [Doc. 7] is **DENIED**. All other pending Motions in this case [Docs. 2, 4, 5] are **DENIED as moot**.

**SO ORDERED**, this 18th day of January, 2023.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT